Hyman Barshay, J.
The defendant was indicted on November 19,1948 for the crimes of robbery, grand larceny and assault in the second degree and assault in the third degree. He was found guilty, as charged, and on February 8, 1949 he was sentenced by the Honorable Louis Goldstein, then a Judge of this court, to consecutive terms of not less than Í5 years and not more than 30 years, on each of the counts charging robbery in the second degree. An appeal to the Appellate Division was dismissed for failure to prosecute on March 10, 1949.
*487 The defendant now moves for an order directing that he be furnished, without cost to him, a transcript of the stenographic minutes of the trial on the ground that he requires the transcript in order “ to raise certain issues ” in an application in the nature of a writ of error coram nobis. In support of his motion, he cites the case of Griffin v. Illinois (351 U. S. 12).
The defendant did not make any application for leave to appeal as a poor person or that he be permitted to appeal on the original court copy of his minutes. Pending appeal, a motion of this nature would not lie unless such permission was first obtained from the Appellate Division. (People v. Strong, 4 Misc 2d 748). If the proceeding contemplated by the defendant is based upon an alleged error which is a matter of record, it was susceptible of appeal and the remedy of coram nobis would not be available to him. (People v. Eastman, 306 N. Y. 658.) Under the attendant circumstances there is no authority for this court to furnish the defendant with a transcript of the trial minutes without charge to him (Code Grim. Pro., § 308; People v. Raymondi, 180 Misc. 973; People v. Kasulkas, 4 Misc 2d 737; People v. Cadogan, 4 Misc 2d 744.)
The motion is, therefore, denied. Submit order.